# REBECCA BOWLES, Administratrix,

*v.*

# JAMES W. DELANEY *et al.* Administrators.

1. EVIDENCE—*of the identity of property.* In an action of trover to recover a barge and two coal boats claimed to have been the property of the plaintiff, and converted by the defendant, the defendant offered in evidence the docket of a justice of the peace to prove a judgment in attachment against a pine barge, in a suit wherein this plaintiff was defendant, ordering its sale: *Held*, there being no evidence in the record that the boat against which the judgment was rendered was either of those in controversy, and no proof that the boat was ever sold under the judgment, and the defendant not offering to make any, the judgment was properly rejected by the court as improper to go to the jury.

2. And the transcript of a suit in the United States court for the condemnation and forfeiture of two coal barges, together with the judgment of condemnation, execution, and return of the United States Marshal that he had sold the same, were also properly rejected, the record failing to show, and the defendant not offering to prove, that the boats thus condemned and sold were those in controversy.

APPEAL from the Circuit Court of Gallatin county; the Hon. ANDREW D. DUFF, Judge, presiding.

The opinion states the case.

Mr. W. G. BOWMAN, Mr. T. B. TANNER and Mr. WILLIAM THOMAS, for the appellant.

Mr. JAS. B. TURNER, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trover, brought by appellees, in the Gallatin circuit court, against appellant's intestate, to recover a barge and two coal boats claimed to have been the property of appellees and converted by her intestate. A trial was had,

resulting in a verdict and judgment in favor of plaintiffs below, from which an appeal is prosecuted to this court.

It is admitted that the evidence, which was permitted by the court to go to the jury, warranted a finding of something in favor of plaintiffs below ; but it is insisted that the court below erred in rejecting evidence offered by appellant. Appellant first proved by a witness that the United States authorities brought the boats to Shawneetown and delivered them to appellant's intestate, to keep. She then offered in evidence the docket of a justice of the peace to prove a judgment in attachment against a pine barge, in the case of one Shee against Conn, the plaintiff, who commenced this suit, ordering its sale. There is no evidence in the record that the boat against which judgment was rendered was either of those in controversy, nor is there any proof in the record, nor did appellant offer to make any, that the boat was ever sold under the judgment. Even had it appeared this was the same boat, this evidence could not have availed anything, because the mere rendition of the judgment did not divest Conn of title. It may never have been executed, and for aught that appears in the record it may have been paid, and thus rendered a sale improper. Unless the judgment had been executed by a sale, it did not divest the title of the defendant, and hence was not pertinent to the issue, and it was properly rejected.

It is next urged that the court erred in rejecting the transcript of a suit in the United States court for the southern district of Illinois, for the condemnation and forfeiture of two coal barges, together with the judgment of condemnation, execution, and return of the United States Marshal that he had sold the same. The bill of exceptions fails to show, nor did appellant offer to prove, that the boats thus condemned and sold were the vessels in controversy. From anything in the record, we are unable to see that they were the same. It devolved upon appellant to rebut the *prima facie* title proved by appellees. By proving that two coal boats had been condemned and sold, appellees' proof of title would not have been rebutted. A jury

would not have been warranted, had this transcript been admitted, in presuming they were the same coal boats. It did not tend to prove they were the same, or to prove title in the vessels in controversy in another person than appellees' intestate. Had appellant offered to follow this transcript with evidence that these were the same boats condemned and sold, then the question sought to be raised would have been presented. · But the transcript, unaccompanied with other evidence, was not pertinent to the issue. The proceeding was against two coal barges, without name, nor was the name of the owner given, nor was the proceeding against appellees' intestate. The jury would not have been justified, had the transcript been before them, in the conclusion that these, of all other coal boats, were the same against which that proceeding was had.

　　The court below did not err in rejecting this evidence, and we fail to find any error in this record, and the judgment of the court below must be affirmed.

　　　　　　　　　　　　　　　　　　*Judgment affirmed.*